UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | No. 18-20348 |
|         Plaintiff, | Hon. Robert H. Cleland |
| v. | **Offense:** Aid and Abet Distribution of Controlled Substance (Cocaine) |
| D-4  Paul Zyburski, | **Maximum Penalty:** 20 years |
| | **Maximum Fine:** $1 million |
|         Defendant. | **Supervised Release:** 1-3 years |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Matthew Schneider, United States Attorney, and John N. O'Brien, II and Erin S. Shaw, Assistant United States Attorneys, respectfully submits this Sentencing Memorandum regarding defendant Paul Zyburski, who is scheduled to be sentenced on <u>July 25, 2019 at 1:30 pm.</u>  For the reasons that follow, the United States recommends a sentence of 12 months, to be followed by 2 years of supervised release.

**I.      BACKGROUND AND PROCEDURAL POSTURE**

Zyburski enjoys cocaine and parties.  By his own admission, he began using cocaine 30 years ago, in his mid-20s.  *See* PSR at ¶71.  When he was in his 50s, he began purchasing cocaine from co-defendant Antonio Lewis.  Zyburski not only bought cocaine for his own personal use from Lewis, he also helped Lewis to

meet other customers. The assistance that Zyburski provided to Lewis forms the basis for the charge to which Zyburski ultimately pled: as stated in his Rule 11 plea agreement, Zyburski intentionally helped Lewis to commit the crime of possession of a controlled substance with intent to distribute it and distribution of same, in violation of 21 U.S.C. §841(a), by inviting Lewis to parties at Zyburski's house so that "Lewis could meet Zyburski's guests who used cocaine and would be interested in purchasing cocaine directly from Lewis." Zyburski also admitted in his plea agreement that "several of Zyburski's guests became Lewis' customers after meeting Lewis through Zyburski."

Lewis had been under investigation for drug trafficking crimes since 2014. Federal investigators intercepted communications between Lewis and Zyburski between November 2017 and January 2018 on a wiretap, and were able to determine that Zyburski purchased at least 30 grams of cocaine from Lewis during that time. Meanwhile, Zyburski, an attorney with a criminal defense practice, was a candidate for the 39th District Court judicial seat in Roseville and Fraser in the 2018 election. On May 23, 2018, Zyburski was charged via criminal complaint with use of a communication facility to facilitate drug trafficking crimes, in violation of 21 U.S.C. §843(b). That complaint was unsealed on June 21, 2018 and Zyburski made his initial appearance in the case on June 26, 2018. Zyburski

announced on a local television interview that he was withdrawing from the judicial race on June 29, 2018.

On August 30, 2018, the grand jury indicted Zyburski for conspiracy to distribute a controlled substance, distribution of a controlled substance, and use of a communication facility to facilitate drug trafficking crimes. Given the drug quantity in the conspiracy (over 500 grams of cocaine), Zyburski faced a 5-year mandatory minimum following indictment.

In a negotiated plea bargain, Zyburski was charged in a superseding information with aiding and abetting Lewis in Lewis' distribution of cocaine. As noted above, Zyburski's aiding and abetting charge was predicated on the introductions that Zyburski made between Lewis and Zyburski's party guests. For plea purposes, the parties agreed to hold Zyburski responsible for under 50 grams of cocaine pursuant to U.S.S.G. §2D1.1(c)(14). This agreement resulted in an agreed guideline range of 6 to 12 months.

## II. SENTENCING GUIDELINE CALCULATIONS AND RELEVANT §3553(a) FACTORS

### A. §3553(a)(4): Advisory Guideline Range

In the Rule 11 agreement, the parties agreed to a negotiated guideline range of 6 to 12 months. The Probation Department determined a higher guideline

range of 18 to 24 months.  The Probation Department used the total amount of cocaine that Zyburski admitted that he purchased from Lewis over the years (216 grams) as the basis for this higher guideline range.  *See* PSR at ¶91.  The United States agrees that the guideline range of 18 to 24 months is correct if that drug quantity is used as the basis for the calculation.  But Zyburski has not been charged with, or pleaded guilty to, simple possession of cocaine, which is a misdemeanor under 21 U.S.C. §844.  Zyburski pleaded guilty to aiding and abetting Lewis in Lewis' distribution and sale of cocaine.  The United States does not have evidence that Zyburski passed 100% of the cocaine that he bought from Lewis on to his friends and party guests, or otherwise aided and abetted Lewis in distributing over 200 grams of cocaine to others.   It is impossible to precisely quantify the amount of cocaine that Lewis distributed to others as a result of Zyburski's assistance from 2014 to 2018.  Thus, the parties agreed, for plea purposes, to hold Zyburski accountable for 30 grams – the amount that Zyburski purchased from Lewis as discussed on the wiretap from November 2017 to January 2018 – to come to this negotiated resolution of the case.  The United States continues to stand behind the negotiated resolution.

**B.    §3553(a)(1):  Nature of the Offense and History and Characteristics of the Defendant**

The nature of the offense is described above.  Zyburski made introductions for Lewis so Lewis could expand his cocaine customer network.

Zyburski is well educated, completing undergraduate studies at Michigan State University and obtaining a law degree from Pepperdine University. Ironically, the host of the cocaine-fueled parties at issue in this case spent approximately 28 years as a criminal defense attorney in Macomb County.  *See* PSR at ¶80.    Neither his advanced education nor his professional experience representing criminal defendants gave him sufficient perspective to refrain from the instant criminal activity.

Evidence of his character is further reflected by his conduct in January 2018, when he was involved in encouraging cocaine use at his house by at least one teenage girl, whom he pejoratively referred to as "some 18 year old broad." As set forth in the criminal complaint in this matter, on the afternoon of January 20, 2018, Zyburski and Lewis exchanged the following text messages:

> ZYBURSKI:  Coyote can you stop by I got some 18 year old broad coming here so you know
>
> LEWIS:  1?
>
> ZYBURSKI:  Coyote?  I think I meant to say yo tea anyway that one's good

LEWIS:  K

ZYBURSKI:  I didn't say she was Coyote Ugly

ZYBURSKI:  Actually 2 sounds better if you got it

LEWIS:  K omw

LEWIS:  Lmao

These communications suggest that Zyburski contacted Lewis to purchase cocaine for himself, and then decided to order an additional package to make sure that he had enough to share with a girl almost 40 years his junior -- who was barely out of high school, if even.

Although this officer of the court has zero scored criminal history points, his criminal record is troubling.  Zyburski has two convictions for operating while impaired/intoxicated, two convictions for domestic violence, and one for drunk and disorderly.  *See id.* at ¶¶36-39.  He also has several other additional arrests for assault, battery, domestic violence and drunk driving.  *See id.* at ¶¶44 to 50.  Given these experiences, and his chosen occupation, it is even more troubling that the Defendant elected to violate the law in this case, knowing that his own cocaine use was a separate state felony offense, every time he purchased cocaine.

Of the countless places he could travel across the globe, Zyburski has

chosen to vacation in two countries well-known for the cocaine trade: Mexico and Columbia. *See id.* at ¶57. In fact, on November 27, 2017, Zyburski sent the following text message to Lewis: " Yo Oni I'm getting ready to go to Columbia can you get me in the mood?" Zyburski then ordered 2 packages of cocaine from Lewis.

Zyburski did not disclose his use of cocaine to pretrial services during his bond interview in this case. *See* PSR at ¶72. He participated in substance abuse treatment in 2002, 2003 and 2006, and informed the Probation officer that "he is not interested in participating in substance abuse treatment in the future." PSR at ¶73.

### C. §3553(a)(2)(A): Seriousness of the Offense, Promoting Respect for Law and Providing Just Punishment

Although initially indicted for the more serious offense of conspiracy to distribute over 500 grams of cocaine, this defendant has benefitted from the exercise of prosecutorial discretion in allowing him to plead guilty to the lesser charge of aiding and abetting Lewis' distribution of cocaine.

Zyburski does not respect the law. He committed his offenses while he was an officer of the court and a member of the criminal defense bar. His conduct on December 20, 2017 demonstrates his hubris. He exchanged text messages with

Lewis to arrange for Lewis to deliver two packages of cocaine to him and his law partner at Ciccarelli's sports bar in Shelby Township, where the Macomb County Prosecutor's Office Christmas party was under way.  Zyburski joked that Lewis could "come in n hang w law enforcement lol." PSR at ¶14.  One year in federal custody will provide just punishment for Zyburski's offense.

### D.     §3553(a)(2)(B)&(C): Deterrence and Protection of the Public

Zyburski has been sentenced to probation numerous times, and has completed short stints in the county jail.  *See* PSR at ¶¶36 - 39.  These prior lenient sentences did not deter him from committing the instant crime -- a crime that that involved his own criminal conduct and also assisted others to engage in criminal conduct, including Lewis' new customers, Lewis, and indirectly, Lewis' supplier, co-defendant Larry Williams Jr., who generated an illegal income through his sales to Lewis.

A further need for protection of the public and individual deterrence is established by the January 20, 2018 text messages with Lewis, in which Zyburski contacts Lewis and advises that he is in need of cocaine because Zyburski has an 18 year old girl on the way to his house.

### E.    §3553(a)(6): Avoiding Unwarranted Sentencing Disparities

Although Zyburski may be the least culpable of the four co-defendants on the facts of the case, he is also the most highly educated. His continuing choice to violate the law, presumably while he assisted clients in navigating their way through the criminal justice system, is ironic. In addition, he has already benefitted from a significant exercise of prosecutorial discretion and has not merited any additional reduction from the already-reduced guidelines. A sentence of 12 months does not create an unwarranted sentencing disparity.

### III.    GOVERNMENT'S RECOMMENDATION AND CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court impose a custodial sentence of 12 months, to be followed by 2 years of supervised release.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/ Erin S. Shaw*
JOHN N. O'BRIEN, II
ERIN S. SHAW
Assistant United States Attorneys
211 West Fort Street
Detroit, MI  48226
(313) 226-9100

Dated: July 18, 2019

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, July 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Margaret S. Raben
msraben@aol.com

*s/ Erin S. Shaw*
ERIN S. SHAW
Assistant United States Attorney
211 West Fort Street
Detroit, MI 48226
(313) 226-9100